

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN LAINEZ-CRUZ, | No. 09-72867 |
| Petitioner, | A072-314-079 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2013[**]
Pasadena, California

Before: WARDLAW and RAWLINSON, Circuit Judges, and GLEASON, District
Judge.[***]

Melvin Lainez-Cruz petitions for review of the Board of Immigration

Appeals ("BIA") decision affirming the immigration judge's denial of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.

[***]    The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

application for cancellation of removal under 8 U.S.C. § 1229b(a). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law *de novo*. *Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013).

Lainez-Cruz, a native and citizen of Honduras, was paroled into the United States in January 1997 and obtained lawful permanent resident status in May 1998. Lainez-Cruz was convicted of a drug offense in June 2004, thus terminating his continuous residence for purposes of section 1229b(a)(2). *See* 8 U.S.C. §1229b(d). Lainez-Cruz now asserts that his parole into the United States was an "admission" for purposes of calculating continuous residence, and thus he satisfies section 1229b(a)(2)'s seven-year continuous residence requirement for cancellation of removal. Lainez-Cruz further asserts that the definition of "admission" in 8 U.S.C. § 1101(a)(13) was revised after his parole, and that this revised definition cannot be retroactively applied to him. However, that parole cannot be equated with admission has been the rule of law since long before Lainez-Cruz was paroled into this country. *See Leng May Ma v. Barber*, 357 U.S. 185, 190 (1958); *Yuen Sang*

2

*Low v. Attorney Gen.*, 479 F.2d 820, 822 (9th Cir. 1973); *see also Altamirano v.*

*Gonzales*, 427 F.3d 586, 591 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**